J. M. BLACKWELL *et al v.* W. H. WILLARD *et al.*

Contracts existing between citizens and residents of the northern States and citizens of this State, prior to the commencement of the late war, were suspended during the existence of hostilities.

Where a citizen and resident of New York had a suit pending in this State previous to the late war, and during the war his debtor here pays up his indebtedness to the attorney or agent of such non-resident: *Held,* that such action was void, and that the relation of attorney and client was terminated by the war.

Any securities held by a citizen and resident of New York previous to the late war, upon persons resident in this State, could not be extinguished *durante bello,* either through the agency of the Courts here, or through the former agents and attorneys of such non-resident.

Therefore, where a debtor to a citizen or resident of New York paid off said claim to a Clerk and Master here in Confederate currency before such currency had depreciated to any extent, such payment is a nullity.

Civil action tried before *Jones, J.,* at Spring Term, 1871, of BEAUFORT Superior Court.

The facts of this case sufficiently appear in the opinion of the Court.

*Fowle,* for plaintiff.
*Warren & Carter,* for defendants.

DICK, J. Every material allegation in the complaint, not controverted by the answer, shall for the purposes of the action be taken as true. C. C. P. sec. 137.

All the allegations in the complaint which are admitted in the answer, are considered as part of the answer in determining the matters in controversy.

In this case there is a demurrer to the answer, and we have to consider, whether the facts thus admitted, are sufficient to determine the rights of the parties.

Certain property belonging to the plaintiffs, was sold under

a decree of the Court of Equity for Beaufort County, made at Spring Term, 1860. The sale was made by John A. Stanly, Clerk and Master of said Court; and the defendant, William H. Willard, became the purchaser of part of said property, and executed the four notes with the sureties as set forth in the pleadings. The sale was made on the 8th day of November, 1860, and the notes were payable at 6, 12, 18, and 24 months from that date. The sale was duly confirmed by said Court of Equity, and the Master was directed to collect the purchase money, when due, and hold the same subject to the order of Court.

At the Fall Term, 1861, the following order was made :

"In this cause, it is ordered by the Court, that the Master suspend the collection of the purchase money, as long as in his opinion the same continues solvent, with authority to receive payment of such bonds as the makers thereof may desire to pay."

The first note was paid by the defendant, Willard, to John A. Stanly, Clerk and Master, on the 2d day of January, 1862, by a check on the Bank of Cape Fear; and the other notes were paid at subsequent periods in that year, in currency, which had not materially depreciated.

It is also admitted, that said payments were made in good faith, and without any intention to defraud the plaintiffs.

The plaintiffs at the time of the sale of said property, and the collection of said notes, were citizens and residents of the State of New York; and said payments were received by the Clerk and Master, without their consent. The said suit in Equity, was pending at the commencement of the late war; and the plaintiffs, as citizens of the United States, were alien enemies, in the contemplation of the laws of the Confederate States.

One of the important consequences of a state of war, is the absolute interruption of all commercial intercourse and dealing between the subjects of the two countries. A non-intercourse

Act was passed by Congress, on the 13th day of July, 1861, (12 U. S. Stat. at Large 257,) interdicting all commercial intercourse between citizens of the United States and citizens of the insurrectionary States.

The plaintiffs 'could not have commenced or prosecuted a suit in our Courts, as then constituted, for their alienage could have been pleaded successfully in abatement of the action. 1 Saunders Pl. 86. Contracts existing prior to the war, were not extinguished; but the remedy only was suspended; and this from the inability of a citizen of the United States, to sue in the Courts of an insurrectionary State, or to sustain a *persona standi in judicio.* 4 Bouv. Inst. 291.

The plaintiffs' said suit in Equity was pending at the commencement of the war; and thereupon their rights of action to collect or secure their debts, become suspended. As they could not assert their rights in the Court; they ought not to be prejudiced by the acts of adverse parties, or the officers of the Court. The suit might have been abated, upon the plea of alienage put in by the defendants; but their rights of property and the right of action, would not thereby have been extinguished and defeated. Among the civilized nations of the present day, the principle is well established, and generally observed, that war ought not to interfere with the property of the private citizens of an enemy's country, unless upon urgent necessity; and they ought not to be deprived of any securities which they held for their debts, which might be available upon a return of peace. Public policy requires non-intercourse laws to be enacted and strictly observed; but laws confiscating the property of the private citizens of an enemy's country, are justly odious. These humane and enlightened principles are fully recognized by the Courts of this country, and are founded upon the common law, and the modern laws of nations. 1 Kent. 63.

The relations between the plaintiffs and their counsel, in said suit in Equity, were terminated by the war; and the steps

afterwards taken in the cause did not affect them. They had a good claim against the defendants before the war began; their remedy was only suspended, and was revived upon the return of peace. *Ex parte Brass Maker*, 14 Vesey, 71. *Bell v. Chapman*, 10 Johnson 183. *Bradwell* v. *Weeks*, 13 Johnson 1.

We are of opinion that the order made in the Court of Equity, for Beaufort County, at Fall Term, 1861, and the payments received by the Clerk and Master during the war, from the defendant, Willard, constitute no bar to the claims of the plaintiffs in the present action.

There is no error in the ruling of his Honor ; the demurrer is sustained, and the judgment in the Court below is affirmed.

PER CURIAM.                          Judgment affirmed.

NOTE.—Justice Rodman did not sit in this case, as he was counsel in the Court below.