· DANIEL G. A. WARD *et al. v.* W. T. DORTCH *et al.*

The removal of a trustee at the request of the *cestui que trust*, and the appointment of some other person to sell the lands conveyed in the deed, in which such trustee is appointed, is purely a matter of discretion for the Court below, and one which the Court should not do without good cause.

(*Stone* v. *Latham*, 68 N. C. Rep. 44, cited and approved.)

CIVIL ACTION, tried before *Clarke, J.,* at Spring Term, 1873, of the Superior Court of WAYNE county, upon the following facts, constituting the " case stated " and sent to this Court.

This action is brought by the plaintiffs, who are *cestui que trusts* against the defendant, Dortch, the trustee in a certain deed of trust made by the other defendant, Geo. W. Collier, to said Dortch on the 1st day of February, 1867, for the purpose of compelling him, the trustee, to sell the land conveyed in said deed for plaintiff's benefit.

At the Special January Term, 1873, his Honor, Judge TOURGEE, by consent of parties, made an order to sell the land conveyed as aforesaid, and appointed the trustee as commissioner to make the sale.   The sale was advertised, and on the day the land was offered for sale at public auction, when $18,000 was all that was bid for the same, and the commissioner considering that sum insufficient and under its value, withdrew it from sale and reported to the next term of the Court that there was no sale, and introduced affidavits tending to show that the land would by being sold in December next, bring at least $30,000.

It was then moved on the part of the plaintiffs that the defendant, Dortch, be removed from the trusteeship, and some one else appointed to sell the lands in his stead, which motion was refused on the ground that Dortch had no notice of such motion.

Plaintiffs then moved that the commissioner heretofore appointed be ordered to sell the lands on the terms expressed

in the former order, and that he report the sale at the next term of the Court. Motion likewise refused.

His Honor, then on motion of defendants, ordered that Wm. T. Dortch (the defendant) sell the lands mentioned in the pleadings on the 1st Monday in December next, on the terms set forth in the decree heretofore made in this cause.

From which order, plaintiffs appealed.

*Isler,* for appellants :

1. The Court has the power to remove a trustee without any formal notice. *Stilley and wife* v. *Rice,* 67 N. C. Rep. 175.

2. The postponing the time of sale to some other, different from that expressed in the mortgage, is impairing the obligation of the contract. *Branson* v. *Kinzie,* 1 How. U. S. 311 ; *Mebraken* v. *Hayward,* 2 How. U. S. 608.

*Smith & Srong,* contra :

Dortch was trustee and was directed as such to make the sale.

The Court had the right to prescribe the time of a sale made under its order, though disregarding the particulars of the deed, if the interests of outside parties entitled to the surplus require a donation in order to insure a sale for value. *Bryant & Reed* v. *Scott.*

The order to sell was made at a previous term and acquiesced in. No complaint can now be made nor appeal taken thereupon. The decree was by consent, and as to the point of ruling complained of the plaintiff, proposed a decree containing same terms.

SETTLE, J. In refusing the plaintiff's motion to remove Dortch from the trusteeship, and to appoint some one else

to sell the lands in his stead, we cannot see that his Honor committed any error for which he can be reviewed.

No facts are set forth, which of themselves, entitle the plaintiffs to have Dortch removed from the trusteeship created by the deceased, and as to his appointment by the Court as commissioner to sell the lands, it was purely a matter of discretion in the Court either to continue or remove him.

In *Stone* v. *Latham*, 68 N. C. Rep. 421, it is said that a commissioner appointed by a Court to sell land, is but the finger of the Court, and may be appointed, controled and removed by the Court in its discretion.

But the plaintiff says that the Court has no power to extend the time of sale beyond the terms limited in the deed of trust.

This question does not arise, for upon inspection of the deed it will be seen to no express and definite terms are fixed as to the time of sale, but the power of sale is conferred upon Dortch alone in certain events, &c.

His report giving his reasons for not selling the land at the time appointed seems to have been satisfactory to the Court there, and we may add that he appears to us to have acted with good judgment.

Undoubtedly, if a trustee or commissioner refuses or neglects to sell land when it is his duty to sell, a Court will remove him, but it should not do so without good cause. Should there be delay beyond that granted by his Honor it would look in the absence of the most cogent reasons, as if there was good ground for the plaintiff's motion.

Let it be certified that there is no error.

PER CURIAM.                              Order affirmed.