THOMAS M. LEE v. JOHN R. BEAMAN, Adm'r of JONAS PE-
TERSON, deceaed.

In an action against an administrator to recover upon a former judgment
against his intestate: It was held,

(1.) That a demurrer to the answer of the defendant, on the ground
that it did not state what disposition, if any, had been made of the
real estate of the intestate, is insufficient, where it is not alleged in
the complaint, and did not appear that there was any real estate.

(2.) A demurrer to an answer "for that it does not state that the entire
personal property of the intestate has been exhausted," must be over-
ruled, where it is alleged in the answer that, "the Confederate money
thus received, was the only assets remaining in the hands of the de-
fendant, and that the same is worthless."

(3. That a demurrer upon the ground, "that the answer does not state
by whom, nor to whom, nor in what amount refunding bonds were
executed," must be overruled when the answer states, "that refund-
ing bonds were taken from the next of kin according to law, with
solvent sureties, and filed in the Clerk's office, and that these bonds
had become insolvent by the results of the war."

(4.) That a demurrer, "because the answer does not state at what
time the defendant received Confederate money for the property of
his intestate," must be overruled, when the answer does state the date
and terms of the sale, and that the money was paid when due.

This was a CIVIL ACTION, to recover a former judgment, tried
before his Honor, Judge *Kerr*, at the Spring Term, 1875, of
the Superior Court of Sampson county, upon the plaintiff de-
murrer to the defendant's answer.

The Court after inspection of the pleadings, and after argu-
ment, gave judgment sustaining the demurrer, and in favor of
the plaintiff for the amount claimed in the complaint. From
this judgment the defendant appealed.

The grounds of the plaintiff's demurer, with the necessary
facts pertinent thereto are fully set out in the opinion of the
Court.

*W. S. & D. J. Devane* and *Smith & Strong*, for appellant. *Merrimon, Fuller & Ashe* and *Kerr & Kerr*, contra.

READE, J.   We are confined to the specific causes assigned for demurrer.   If they are sufficient, then the case would be sent back to the end that the defendant may amend his answer, or the plaintiff have judgment, as the case may be.   If insufficient, then the answer stands as sufficient, and the defendant should have judgment unless the complaint be amended on leave.

I. The first cause assigned for demurrer, "that the answer does not state what disposition, if any, has been made of the real estate of the intestate," is insufficient; because it is not alleged in the complaint, nor does it appear that there was any real estate.

II. The second cause, "that the answer does not state that the entire personal property of the intestate has been exhausted." is insufficient; because the answer does state " that the Confederate currency thus received was the only assets of the estate remaining in the hands of the defendant," and that the same is " worthless."

III. The third cause, that the answer does not state " by whom, nor to whom, nor in what amount refunding bonds were executed," is insufficient; because the answer does state that refunding bonds were taken from the next of kin according to law with solvent sureties, and filed in the Clerk's office, and that the bonds had become insolvent by the results of the war.

IV. The fourth cause, that the answer does not state *at what time* the defendant received Confederate money for the property of the intestate which he had sold, is insufficient; because the answer does state that the sales were in January and April, 1863, on six months time, and that the money was duly paid, and that with it, he paid off all the debts against the estate, except the plaintiff's ; and that he offered to pay that to the Clerk who refused to receive it under instructions.

So that the time is stated with sufficient accuracy. But if the time were not stated at all it would make no difference; because the answer, which is admitted by the demurrer, states that at the time it was received it was the only currency; and it was generally received in payment of well secured *anti*-war debts, and that he had reason to believe, and did believe, that he could pay all the debts of the estate with it. And that the defendant " has acted with proper care and his best skill in the management of the estate, and in all things acted in good faith."

There being no force in the causes specified for demurer; and it being admitted thereby that the defendant has acted with " proper care " and " in good faith," and " has nothing in hand," it follows that there must be judgment overruling the demurer, and for the defendants upon the merits; unless the complaint be amended upon leave.

To the end that the parties may proceed as they may be advised, and as they may have leave, the case is remanded.

There is error.

This will be certified. There will be judgment here for the defendant for costs.

PER CURIAM.   Judgment sustaining the demurer, reversed.