### WILLIAM FOY v. L. J. HAUGHTON.

*Pleading—Defence of Fraud—Sufficiency of Answer—Practice.*

1. In an action upon a contract where the defendant in his answer alleges that the execution of the contract was superinduced by the false and fraudulent representations of the plaintiff, but does not allege that he

was thereby deceived; *Held*, upon demurrer to the answer, that the same was not sufficient to defeat a recovery by the plaintiff.

2. In such case, where the court below held the answer to be sufficient, the action will be remanded to give the defendant opportunity to move for such amendment as he may be advised.

(*Walsh* v. *Hall*, 66 N. C., 233, cited and approved.)

CIVIL ACTION tried at Spring Term, 1880, of CRAVEN Superior Court, before *Gudger*, J.

The case was heard upon complaint, answer and demurrer to answer. The court overruled the demurrer and the plaintiff appealed.

*Messrs. Clark & Clark* and *Green & Stevenson*, for the plaintiff.

*Messrs. W. B. Rodman* and *A. G. Hubbard*, for defendant.

SMITH, C. J. The action is to recover the amount specified in the sealed note described in the complaint, to which the defendant, in his answer admitting the plaintiff's allegations, sets up the defence of fraud, and says that the execution of the note was superinduced by the false and fraudulent pretences and practices of the plaintiff, and was given to remove an obstacle, caused by his false claim of title, to the consummation of a then pending contract for the sale of the defendant's land, and to obtain his deed of quit-claim thereto.

The plaintiff demurs to the answer, and for cause of demurrer, among others, assigns the following:

1. For that it fails to show that defendant was deceived by the false and fraudulent representations alleged to have been made, and

2. For that the facts stated in the answer are not in themselves sufficient to invalidate the obligation and defeat the recovery.

It does not appear from the answer that the defendant, at the time when he gave the note and received the plaintiff's deed of quit-claim to the land, was not fully aware of the groundlessness and fraudulent character of the plaintiff's pretended right, or that, relying upon the plaintiff's fraudulent representations, he was thereby induced to enter into the arrangement, in order to effect the sale. If the defendant acted with full knowledge of the facts, and was not deceived by the plaintiff's conduct and representations, however reprehensible they may have been, the defendant cannot now ask to be relieved from the consequences of his own intelligent and voluntary act, the benefit of which he has himself taken. The very essence of the claim for relief consists, not in the attempt, but in the successful practice of a fraud, of which the deceiving of the injured party is a necessary ingredient.

The constituents of a remedial fraud in the procurement of contracts consist in "a representation, express or implied, false within the knowledge of the party making it, *reasonably relied on by the other party*, and constituting a material inducement to the contract or act." Adams Eq., 176. In the note it is said: "And so, if a vendee becomes acquainted with the fraud before completing his bargain, and chooses to go on, a court of equity will not help him." *Pratt* v. *Philbrook*, 33 Maine, 17, and other cases there cited.

The doctrine is thus defined by DICK, J., in the opinion delivered in *Walsh* v. *Hall*, 66 N. C., 233: "If representations are made by one party to a trade which may be reasonably relied upon by the other party, and they constitute a material inducement to the contract, and such representations are false within the knowledge of the party making them, and they cause loss and damage to the party *relying on them, and he has acted with ordinary prudence in the matter*, he is entitled to relief in a court of justice."

The want of an averment that the defendant was *misled*

*and deceived* by the plaintiff's false misrepresentations as to his title, or, in other words, that without knowledge of their falsity, he confided in their truthfulness, and acting upon them, executed the note, is therefore a fatal defect in the answer, and renders it obnoxious to the demurrer.

It is unnecessary to pass upon the other assigned grounds of demurrer, as our opinion upon this disposes of the appeal.

Ordinarily the judgment of this court sustaining the demurrer would be final, but as the defect in this case arises from the omission of an averment, which in our view is material, but was not so considered by the judge in the court below, and which may admit of correction by amendment, we remand the cause to give the defendant an opportunity to move for leave to make the amendment in this and other particulars, as he may be advised; and if unamended, the action must be dismissed. It is accordingly so ordered.

Error.                              Reversed and remanded.