J. C. NEWSOME AND WIFE, DORA, v. BANK OF AHOSKIE.

(Filed 4 March, 1914.)

**Pleadings—Trials—Evidence—Questions for Jury—Bills and Notes —Banks and Banking—Collaterals—Fraud—Rights of Creditors.**

The plaintiffs, husband and wife, in their action against a bank, alleged that the defendant was endeavoring to apply collateral notes of the feme plaintiff to the security of a note held by the bank, made by her husband to its director and obtained by fraud and collusion between him and the defendant. These allegations were denied in the answer, which further alleged that the male plaintiff was the owner of the lands, securing the collateral notes, and that these notes were given for the purchase price, and that he had had the lands conveyed to his wife to defraud his creditors, one of whom was the director, its indorsee; the answer also alleged that the feme plaintiff was not the real owner of the collaterals, but if so, she had given full

authority for the defendant to hold them as collateral to her husband's note: *Held*, the pleadings raised issues of fact to be submitted to the jury, and a judgment thereon in plaintiff's favor was erroneous.

APPEAL by defendant from *Peebles, J.,* at October Term, 1913, of HERTFORD.

Civil action heard upon motion by the plaintiff for judgment upon the pleadings. The court, upon such motion, rendered the following judgment:

This cause coming at this term to be heard, all parties being before the court, and the court, after hearing the pleadings and admissions in open court, that J. R. Garrett, named in the pleadings, is a director of the defendant, being of the opinion that the *feme* plaintiff, Dora M. Newsome, is the owner and entitled to the possession of the collateral notes described in the complaint and answer, towit, note against T. B. Hall for $765 and interest; note against N. Hall for $600, and note against Hoard Newsome for $700, all payable to said *feme* plaintiff, subject only to the payment of the note against J. C. Newsome for $1,100 and interest, set forth in the pleadings:

It is, on motion of plaintiffs' counsel, considered and adjudged that upon the payment of said note for $1,100 and interest, by the plaintiffs, or by any one for them, that the receivers, hereinbefore appointed to take charge and control of said collateral notes by Lane, judge, at February Term, 1913, of this court, shall deliver said collateral notes to the said *feme* plaintiff, Dora M. Newsome.

By consent of all parties to this action, it is ordered and adjudged that the said receivers, John E. Vann and Stanly Winborne, proceed to collect said collateral notes against Hall and Hoard Newsome, above described, by sale under the mortgage or deed of trust securing the same, or otherwise, as to them may seem best, with interest thereon, and apply the collection so made as follows:

1. To the payment of the said $1,100 note and interest due the defendant bank by J. C. Newsome.

2. Of the balance, retain enough to pay the $700 note of J. C. Newsome to J. R. Garrett, now claimed by said bank and described in the pleadings, together with the cost of this action, to await the decision of the Supreme Court as to such appeal as may be taken from this judgment; and

3. Any balance, after deducting the amounts named in sections 1 and 2 above, pay over to *feme* plaintiff, Dora M. Newsome, or to her attorneys of record.

It is further adjudged that the defendant pay the cost of this action, to be taxed by the clerk, including $2 for the stenographer.

This judgment is, by consent, without prejudice to plaintiffs' right to show fraud or want of consideration for the said note for $700 executed by J. C. Newsome to J. R. Garrett, and that the defendant bank is not the *bona fide* owner of said note.

The plaintiff is also taxed with $2 for benefit of stenographer.

R. B. PEEBLES,

*Judge Presiding.*

From this judgment the defendant appeals.

*No counsel for plaintiffs.*

*Winston & Matthews for defendant.*

BROWN, J. The complaint in substance alleges: In the year 1911 Dora M. Newsome borrowed of defendant $1,000, and deposited with said bank, as collateral for a loan, several notes of Hall, Newsome, and others, said notes being given to Dora M. Newsome for land sold them; that Dora M. Newsome never indorsed said collateral to the bank, but did authorize her husband to deposit them with the bank as collateral for the loan to her of $1,000, and no more, and that the cashier had knowledge of these facts; that a note for $1,000 was given for the loan, and when same was due, the cashier, without the knowledge or consent of the *feme* defendant, induced her husband to renew the note and to include the sum of $100 which the husband personally owed the bank, and for which the collateral was not liable; that on 15 January, 1912, J. R. Garrett, a director of

the bank, through deceit and cunning, induced J. C. Newsome to give him an accommodation note for $731.67, stating that he wanted to buy land, and stating that J. C. Newsome would never have the note to pay; that by teasing and begging and whiskey, Garrett finally got the accommodation note without consideration, and that Newsome owed Garrett nothing thereon; that soon thereafter J. C. Newsome saw the note in the hands of the Bank of Ahoskie and asked the cashier what he was doing with same, to which the cashier replied that he was simply transferring same from Garrett to Harmon, and that Newsome then and there explained the circumstances under which the note was given, and that the cashier agreed that he would not handle the note, and that under no circumstances would the bank seek to hold the collateral responsible therefor; that later the cashier came and tried to induce *feme* plaintiff to sign a paper authorizing the application of the collateral to this note; that owing to the strange actions and words of the cashier, attorneys for the plaintiffs tendered the cashier $1,100 and demanded the collateral, which the cashier refused to accept, and notified them that he held the collateral responsible for the $731.67 note as well as the $1,100 note; that at the time of the tender, and at the time of filing the complaint, Dora M. Newsome owed the bank no more than $1,100; that holding the collateral as security for the $731.67 is a plot and conspiracy between the bank and J. R. Garrett; that the bank's refusal to surrender the collateral has injured *feme* plaintiff's credit.

The *feme* plaintiff demands judgment for possession of the collateral upon payment of $1,000; for $1,000 damages for the detention of the notes, and costs of action.

The answer denies categorically the several allegations of the complaint, except as to the tender and refusal, and avers that the bank is a *bona fide* purchaser for value and without notice before maturity of the $731.67 note, and holds the same lawfully secured by said collateral. The answer also denies that the *feme* plaintiff did not indorse the three collateral notes.

The answer also sets out at great length an affirmative defense, and asks equitable relief. It avers that in 1907 the hus-

band, John C. Newsome, purchased the land described in the deed in trust securing the three collateral notes of T. B. Hall for $765, N. Hall for $600, and J. H. Newsome for $700, and paid the purchase money and took a deed therefor; and

15. That on 11 March, 1908, or thereabouts, the said John C. Newsome married the plaintiff, Dora M. Newsome; and then being heavily indebted, and especially being indebted unto J. R. Garrett, and to hinder and delay and defeat the said Garrett and his other creditors in the collection of their debts against him, the said John C. Newsome destroyed the deed for said land which the said R. E. Cowand and wife had made and delivered to him, and falsely and fraudulently procured said Cowand to make and deliver the deed for said land in the name of his wife, the *feme* plaintiff, Dora M. Newsome, who paid nothing therefor and was ignorant of the fact that said deed was so made, and who took said deed and title as trustee for her husband, and for those whom he owed.

16. That at the time the said J. C. Newsome so fraudulently had said deed made to his wife he was indebted, not only to said J. R. Garrett, but also to C. W. Mitchell, since reduced to judgment, in the sum of $238.53, with interest and costs; to Lynchburg Shoe Company in the sum of $144.65, with interest and costs; Petersburg Dry Goods Company in the sum of $164.66, with interest and costs; Etchison Hat Company in the sum of $68.85, with interest and costs, and to Montague & Bunting in the sum of $36, with interest and costs, all of which amounts and claims were reduced to judgments in the year of 1905, and which defendant is informed and believes, and so avers, have not been paid, but are now due and owing by the said John C. Newsome; and that he procured said deed to be made to his said wife for the purpose of hindering, delaying, and defrauding them in the collection of their debts, all as above alleged.

The answer then avers that the plaintiff and wife sold the land and took the three collateral notes and deed in trust aforesaid payable to *feme* plaintiff in pursuance of their fraudulent scheme aforesaid.

His Honor evidently rendered the judgment above set out upon the theory that the creditors alleged to be defrauded are not parties to this action, and are not seeking the relief prayed for by the defendant, and that such creditors must fight their own battles, and that this defendant cannot fight for them.

. It is to be noted that among the creditors alleged to have been defrauded is J. R. Garrett, to whom the $731.67 note was given, and who indorsed it to defendant, and to secure which the defendant avers the collateral is bound, and it is substantially alleged that this indebtedness existed at the date of the fraudulent transaction. It is denied that this note is accommodation paper, and the inference is that the defendant claims that the consideration for this note is the indebtedness to Garrett alleged to be existing prior to 11 March, 1908.

The defendant further alleges that Dora M. Newsome is not the real owner of said notes, but that if she is such owner, she gave her husband full authority to negotiate them to secure this indebtedness, and that under his indorsement and the terms of the paper-writing, Exhibit B, they became bound for his entire indebtedness.

It is plain that the answer raises issues of fact, which must be determined by a jury before the rights of the parties can be finally adjudicated.

The judgment practically determines that the collateral notes, under the allegations of the complaint, which must be taken to be true, are not in any view of the case security for the $731.67. In this there was error.

The cause is remanded, to the end that the issues raised by the pleadings be submitted to a jury.

Reversed.