## CHARLES A. WILLIS v. R. B. WILLIAMS.

(Filed 12 December, 1917.)

1. **Appeal and Error—Harmless Error.**
    The admission of irrelevant and incompetent evidence which does not prejudice the appellant is not reversible error.

2. **Appeal and Error—Court's Discretion—Verdict—Weight of Evidence.**
    The refusal of the trial court to set a verdict aside as against the weight of the evidence is within his sound discretion, and will not be considered, on appeal, unless it has been.abused.

CIVIL ACTION, tried before *Ferguson, J.*, at January Term, 1917, of WILKES, upon these issues:

1. Did Charles A. Willis represent to defendant that there were about 2,000 bearing trees on said land? Answer: Yes.

2. Was said representation false and fraudulent? Answer: Yes.

3. Was defendant induced to purchase said land by said false and fraudulent representation? Answer: Yes.

4. What damage, if any, did defendant sustain of plaintiff by reason of said fraud? Answer: $2,000.

5. Did C. A. Willis and wife, Jennie C. Willis, transfer the notes and mortgage sued upon to Charles M. Willis at the time set forth in the complaint? Answer: Yes.

6. Did plaintiff purchase said notes before maturity, for value and without notice? Answer: No.

49—174

WILLIS *v.* WILLIAMS.

From the judgment rendered the plaintiff appealed.

*Henry Reynolds and Hackett & Gilreath for plaintiff.*
*Finley & Hendren for defendant.*

PER CURIAM. This action is brought to recover the sum of $2,533.34, with interest upon certain purchase-money notes, secured by mortgage upon the property, and for a foreclosure of the mortgage. The defendant admitted the execution of the notes and mortgage, but alleged that he was induced to purchase the land, at the price paid, by the false and fraudulent representations of one Charles A. Willis, the father of the plaintiff, which said Charles A. Willis was then the owner of the property and undertook to sell the same to the defendant.

The issues above set out clearly present the controversy between the parties. The plaintiff's motion for judgment on the pleadings, on the ground that the defendant admits paragraph 1 of the complaint and that the denial of paragraph 4 is not sufficient, was properly overruled.

The record in this case contains sixty-six assignments of error. Twenty-seven of them are to the rulings of the judge upon questions of evidence. Twenty-seven of them are withdrawn by the brief of the counsel for the plaintiff. Two of the assignments of error relate to the arguments and remarks of counsel in addressing the jury. Seven of the assignments of error relate to the charge of the jury. Two of them relate to the refusal of the court to grant a new trial and to set aside the verdict, and the remaining one is to the judgment.

We have examined these assignments of error, whether commented on in the brief or not, with care. Those relating to the evidence are without merit. Some irrelevant and incompetent evidence was admitted, but it was evidently harmless. In our opinion, it is unnecessary to discuss these rulings of the judge admitting or rejecting evidence. The refusal of the court to set aside the verdict as against the weight of the evidence is a matter in the sound discretion of the judge, and is not reviewable, as has been repeatedly held by this Court.

The charge of the court to the jury is, in our opinion, a full, clear, and correct presentation of the contentions of the parties, together with the evidence bearing thereon, and the law applicable thereto. The whole controversy seems to be one very largely of fact, and we find nothing in the record of which the plaintiff can justly complain.

No error.