JAMES PENDER v. DAN W. TAYLOR and LEE ALPHIN.

(Filed 27 February, 1924.)

**Appeal and Error—Pleadings—Motions—Verdict Set Aside—Judgment—
Premature Appeals—Dismissal.**

From a refusal of a motion for judgment upon the pleadings an appeal will not directly lie, and where the verdict has been set aside in the court's discretion, there is no judgment from which an appeal may be taken, and it will be dismissed in the Supreme Court as premature.

APPEAL by plaintiff from *Connor, J.,* at November Term, 1923, of EDGECOMBE.

*W. O. Howard for plaintiff.*
*John L. Bridgers, Henry C. Bourne, and Allsbrook & Philips for defendants.*

ADAMS, J. The plaintiff brought suit to recover the sum of $10,000 and interest, the remainder alleged to be due by the defendants for the purchase of a tract of land. The written agreement of the parties is appended to and made a part of the complaint. The defendants filed an answer, in which they alleged that under the terms of the contract the plaintiff had elected to take back the land, had taken possession of it, and had thereby abrogated the contract. These allegations were denied by the plaintiff in his replication.

When the case came on for trial, the plaintiff made a motion for judgment upon the pleadings, and renewed it at the conclusion of the evidence. The court denied the motion, and the jury, in response to the issue submitted, found that the plaintiff had exercised his right to enter upon the land and had gone into possession of it. The verdict was set aside as against the weight of the evidence, and under these conditions we are asked to review his Honor's ruling.

We shall have to decline this request. No judgment has been rendered and there is no present right of appeal. It has often been held

that the refusal of a motion for judgment on the pleadings is not appealable, and that an appeal prematurely prosecuted will not be considered. *Mitchell v. Kilburn,* 74 N. C., 483; *Cameron v. Bennett,* 110 N. C., 277; *Duffy v. Meadows,* 131 N. C., 31; *Barbee v. Penny,* 174 N. C., 571; *Duffy v. Hartsfield,* 180 N. C., 151. No judgment having been entered, the appeal must be dismissed:

Appeal dismissed.