GILLIAM v. JONES ET ALS.

(Filed 21 April, 1926.)

1. **Appeal and Error—Pleadings—Judgments — Fragmentary Appeal— Dismissal.**

    An appeal from the refusal of the trial judge for judgment upon the pleadings, should be by exception noted to be considered upon appeal from the final judgment therein, and a direct appeal will be dismissed as fragmentary.

2. **Same—Discussion of Merits.**

    The Supreme Court will not adjudge the rights of the parties upon dismissing the appeal, though sometimes it has done so, when from the incompleteness of the record or otherwise, no final disposition of the case can be accomplished.

CIVIL ACTION before *Schenck, J.,* at December Term, 1925, of GUILFORD.

W. E. Holley died a resident of Guilford County, leaving a widow, who is the plaintiff in this action, the defendants being the heirs at law of said Holley. In January, 1919, the land of the deceased was partitioned among his heirs at law, and his dwelling-house, together with other property, was allotted to his widow as. dower in said proceeding. Thereafter the widow insured the dwelling-house, and on or about 2 December, 1924, the residence and dwelling-house was destroyed by fire. The insurance company adjusted the loss and paid into the hands of the clerk of the Superior Court of Guilford County the proceeds of the policy, amounting to $1,948.70.    The plaintiff in this suit alleges "that she is entitled to have out of said money on deposit a sum or portion thereof equivalent to the extent of her insurable interest in said residence, the premium on such insurance having been paid by her." The defendants filed an answer claiming that the proceeds of said fire insurance belongs to them and not to the widow. There is no reference to the policy in the record, and it, therefore, does not appear as to how the policy was written.    The record shows the following entry: "Plaintiff moves in the above-entitled case for a judgment on the pleadings for $1,948.70, being the total amount recovered on the insurance policy mentioned in the pleadings. Motion overruled and the plaintiff excepts. Plaintiff appeals to the Supreme Court."

*Myrick & Stanley for plaintiff.*
*King, Sapp & King for defendant.*

BROGDEN, J. This appeal must be dismissed for the reason that the denial of a motion for judgment on the pleadings is not appealable, there being no final judgment. It was the duty of the plaintiff, under the practice, to have excepted to the refusal of the judge to grant the motion, so that it could have been considered on an appeal from a final judgment. *Mitchell v. Kilburn,* 74 N. C., 483; *Walker v. Scott,* 106 N. C., 56; *Cameron v. Bennett,* 110 N. C., 277; *Cooper v. Wyman,* 122 N. C., 784; *Duffy v. Meadows,* 131 N. C., 31; *Barbee v. Penny,* 174 N. C., 571; *Duffy v. Hartsfield,* 180 N. C., 151; *Pender v. Taylor,* 187 N. C., 250.

It will be observed that in some of the cases, although the court dismissed the appeal for the reasons given, still an opinion was expressed as to the merits of the controversy where such an opinion would terminate the litigation.

This is not such a case. In the complaint the plaintiff alleges that she is entitled to a sum of money equivalent to the extent of her insurable interest in said residence, alleging in substance, that she paid the

premiums and that the contract of insurance was for her benefit. This is denied by the defendants. In addition, no reference is made to the policy of insurance, and it does not appear how the policy was written; so that any opinion by this Court, in the present state of the record, would be a mere "leap in the dark."

Appeal dismissed.