COMMISSIONER OF BANKS v. K. B. JOHNSON AND J. BEALE JOHNSON.

(Filed 16 March, 1932.)

1. **Bills and Notes H b—Answer denying plaintiff's title to notes sued on raises issue of fact and judgment on pleadings is error.**

   Where the complaint in an action by the Commissioner of Banks to recover on certain notes alleges that the notes were among the assets of a bank since becoming insolvent and placed in the Commissioner's hands, an answer denying the allegation that the notes were among the assets of the bank when it became insolvent raises an issue of fact for the jury to determine, and a judgment for the plaintiff upon the pleadings is erroneous.

2. **Bills and Notes H a—Possession of notes raises rebuttable presumption that plaintiff is entitled to recover thereon.**

   The possession by plaintiff of promissory notes sued on raises a presumption that he has the right to recover thereon, rebuttable by the defendant's evidence.

3. **Banks and Banking H e—Action on note which is part of insolvent bank's assets must be brought in name of the Commissioner of Banks.**

   An action on a note which is among the assets of an insolvent bank placed in the hands of the Commissioner of Banks must be brought in the name of the officer occupying the position of Commissioner of Banks and not by the "Commissioner of Banks," but the defect may be cured by amendment.

APPEAL by K. B. Johnson, defendant, from *Cowper, Special Judge,* at January Term, 1932, of WAKE. Error.

*A. J. Fletcher for appellant.*
*A. L. Purrington, Jr., for appellee.*

ADAMS, J. The action was instituted in the name of the Commissioner of Banks to recover on two promissory notes alleged to have been executed and delivered by K. B. Johnson and J. Beale Johnson to the Raleigh Banking and Trust Company. It appears from the record that at the hearing no evidence was formally introduced. The plaintiff produced and exhibited the notes in open court, and at the request of the court the defendant filed a copy of a letter from the Fifth Third Union Trust Company, of Cincinnati, Ohio, to the defendant J. Beale Johnson, dated 22 September, 1930, stating that the company held the two notes on which the plaintiff brought suit and demanding payment five days before maturity.

Judgment was awarded the plaintiff on the ground that the answer filed by the appellant raises no issue of fact to be found by the jury.

The answer denies the allegation that at the time the Corporation Commission took possession of the Raleigh Banking and Trust Company the latter had the notes in controversy among its assets, or now has them, and puts in issue the plaintiff's title to the notes.

Assuming that the plaintiff's possession of the notes raises a presumption of his right to enforce payment the presumption is subject to rebuttal. *White v. Hines,* 182 N. C., 275. As the appellant's answer controverts the allegation of ownership, the plaintiff was not entitled to judgment on the pleadings.

Furthermore, the action must be prosecuted in the name of the officer who occupies the position of Commissioner of Banks and not by "Commissioner of Banks," as above entitled. *Commissioner of Banks v. Harvey, ante,* 380. This defect, however, may be cured by amendment.

Error.