The plaintiffs alleged that on or about 1 May, 1929, a contract was entered into between the plaintiffs and the defendant and his associates, to wit, F. L. Hatcher, T. R. Robertson, D. A. Robertson, and J. W. Lovill, wherein it was agreed by Crossingham and his associates "to sell and transfer to N. B. Hafleigh or Hafleigh and Company at his or its request, within ten years from this date, their stock in Carolina Button Corporation at its book value, such payment to be made by N. B. Hafleigh or Hafleigh and Company, either in cash, or, if so desired, by the parties of the first part or any of them, by the exchange and issuing to such parties of the first part stock in Hafleigh and Company at book value," etc. It was further alleged that on 9 September, 1932, the plaintiffs tendered to Crossingham $2,788.36 as payment for five shares of "A" stock of the Carolina Button Corporation at $130.11 per share, and *Page 334 
71 shares of the "B" stock of the Carolina Button Corporation at $30.11 per share, "but the said defendant refused to comply with his agreement to transfer this stock to said plaintiffs and to this day has failed and still refuses to comply with the terms of Exhibit A hereto attached. Thereupon the plaintiffs demanded that the defendant be required to transfer said stock in accordance with the contract.
The defendant filed an answer alleging "that it was the intent and purpose of said agreement and paper-writing that said Hafleigh and Company or N. B. Hafleigh should be empowered and authorized to purchase the stock of J. H. Crossingham and his associates, the said Hafleigh and Company and N. B. Hafleigh thus becoming the entire owners of the Carolina Button Corporation, but it is untrue and denied that the plaintiffs or either of them were to have the right or authority under said agreement or contract to purchase from this defendant his stock without purchasing the stock then held by D. A. Robertson, F. L. Hatcher, T. R. Robertson and J. W. Lovill."
The defendants further alleged that contemporaneously with and as a part of the agreement that the defendant on the same day, to wit, 1 July, 1929, entered into an agreement with the Carolina Button Corporation whereby Hafleigh and Company agreed to "dispose of the Carolina Button Corporation's by-products, such as button scrap and bone meal," etc., and further stipulating that Hafleigh and Company shall purchase and pay therefor the entire production of buttons of the Carolina Button Corporation," etc.
The defendants further alleged that the sole consideration moving Crossingham, Hatcher, the Robertsons and Lovill to execute the stock sale agreement was the contemporaneous agreement of the plaintiffs to buy and pay for the entire output of the corporation. The defendants further alleged that the plaintiffs had breached the button purchase agreement, and, therefore, were not entitled to enforce the stock sale agreement referred to in the complaint.
When the case was called plaintiff made a motion for judgment on the pleadings, which motion was denied, and the plaintiffs appealed.
The trial judge ruled correctly. The denial of a motion for judgment on the pleadings is not appealable, as the same is not a final judgment. It was the duty of the plaintiff to have excepted to the refusal of the judge to grant the motion so that it could have been considered on an appeal from the final judgment. Gilliam v. Jones, 191 N.C. 621, 132 S.E. 566.
Affirmed. *Page 335