NICHOLAS LaVECCHIA, Receiver for PAINE STATISTICAL CORPORATION, a Corporation of New Jersey, v. THE NORTH CAROLINA JOINT STOCK LAND BANK OF DURHAM.

(Filed 16 June, 1939.)

1. **Appeal and Error § 49a—**

    A decision of the Supreme Court must be interpreted in the light of the question presented for review, and a decision that the lower court committed no error in denying plaintiff's motion for a judgment on the pleadings is decisive on that question alone and leaves for the determination of the jury upon the subsequent hearing the issues of fact raised by the pleadings.

2. **Money Received § 1—Allegations of defendant's acceptance of a corporate check in payment of individual obligation of its president does not entitle plaintiff to judgment on the pleadings.**

    Evidence that defendant accepted a corporate check drawn by its president in payment of a personal obligation of its president is insuffi-

cient to entitle plaintiff to judgment on the pleadings when defendant denies fraud, since acceptance of the check alone is insufficient to put defendant on notice as a matter of law, the issue of fraudulent use of the check by the corporate president and the participation in the fraud by defendant, so as to bring the transaction within the application of ch. 85, sec. 5, Public Laws of 1923 (Michie's N. C. Code, 1864 [i]), as a breach of a fiduciary obligation in drawing or delivering the instrument, being raised by the pleadings for determination by a jury.

Petition to rehear this case, originally reported in 215 N. C., 73.

*W. A. Leland McKeithan, Victor S. Bryant, and John D. McConnell for plaintiff, petitioner.*
*S. C. Brawley and J. S. Patterson for defendant, respondent.*

Clarkson, J.   The petition is addressed to the failure of the court, in the opinion heretofore filed herein, to interpret chapter 85, section 5, Public Laws of 1923 (N. C. Code of 1935 [Michie], sec. 1864i), and to apply the same to the instant case. Specifically, the petition is directed to that portion of the prior opinion, 215 N. C., at p. 75, which declares: "The complaint alleges that the only notice plaintiff had was the fact that the checks were signed 'Paine Statistical Corporation, J. O. Paine, Prest.' We do not think that this was sufficient to put defendant on notice that the checks were not *bona fide*." This statement must be interpreted in the light of the question then before the Court, to wit, whether plaintiff was entitled to *judgment on the pleadings* where it is not denied that a personal debt was paid by a corporate check but the allegation of misappropriation or fraud is, without any further plea in justification or extenuation, denied. The statement: "We do not think that this was sufficient to put defendant on notice, etc.," simply means that it is not sufficient as a matter of law, so as to entitle plaintiff to a judgment on the pleadings. The allegation was that Paine, as corporate president, fraudulently used a check drawn by him as corporate president to pay a personal debt and that defendant knowingly participated therein; both the fraudulent user and participation was denied. This raised an issue for trial, and the trial judge properly refused to grant the motion for judgment on the pleadings.

Since this case presents a single question, to wit, whether the matters of fact put at rest by the pleadings are sufficient to support a judgment for plaintiff, it was not deemed necessary to discuss, in the prior opinion herein, the effect of the last sentence in section five, chapter 85, Public Laws 1923, as follows: ".  .  . If, however, such instrument is payable to a personal creditor of the fiduciary and delivered to the creditor in payment of or as security for a personal debt of the fiduciary to the actual knowledge of the creditor, or is drawn and delivered in any trans-

action known by the payee to be for the personal benefit of the fiduciary, *the creditor or other payee is liable to the principal if the fiduciary in fact commits a breach of his obligation as fiduciary in drawing or delivering the instrument.*" This statute, by its plain intendment, has no application unless the fiduciary commits "a breach of his obligation as fiduciary in drawing or delivering the instrument." In the instant case the denial of fraud raised an issue as to the existence of "a breach of his obligation as fiduciary." This issue has not been disposed of. Nor is it properly before us in the instant case, which is here for review only as to the correctness of the decision of the trial judge in denying the motion for judgment on the pleadings.

We adhere to our original position: The motion for judgment on the pleadings was correctly denied.

The costs will be taxed against the petitioner.

Petition dismissed.