NORTH STATE FINANCE COMPANY v. W. C. LUCK.

(Filed 9 November, 1949.)

**Pleadings § 29: Courts § 4c—**

> Where the clerk renders judgment on the pleadings upon the filing of answer admitting the allegations of the complaint entitling plaintiff to the recovery, and such judgment is affirmed on appeal to the Superior Court, the matter will not be disturbed on further appeal to the Supreme Court, since the Superior Court had jurisdiction to enter the judgment.

DEFENDANT's appeal from *Sharp, Special Judge,* September Term, 1949, (by consent), RANDOLPH Superior Court.

*J. G. Prevette for defendant, appellant.*
*Ottway Burton for plaintiff, appellee.*

PER CURIAM. This action was instituted in Randolph County Superior Court November 30, 1948, to recover judgment on a note for borrowed money in the amount of $1,078.66, with interest, secured by a chattel mortgage on an automobile. Service of summons and complaint was made on defendant on that same day.

The complaint sets up sufficient allegations for recovery upon the declared amount but adds an allegation in the 6th paragraph, ". . . the defendant has fraudulently disposed of the mortgaged property through one of his agents. That the plaintiff has exercised diligence in trying to obtain possession of this automobile, and that it has been unable to do so."

On 29 December, 1948, defendant Luck obtained an order for additional time to file answer to and including the 18th day of January, 1949.

On motion of plaintiff on January 10, 1949, the Clerk of the Superior Court of that county signed a default judgment for plaintiff; the application for extension to file answer had been mislaid by personnel in the Clerk's office. The attorney for the defendant some time later brought it to the attention of the Clerk of the Superior Court that he had obtained an extension of time to file answer and the judgment of January 10, 1949, was withdrawn. The defendant, through his attorney, filed a verified answer on 18 January, 1949 (within the extension of time granted him), admitting all the material allegations of the plaintiff's complaint except the allegation in aforesaid paragraph 6, charging him with fraudulently disposing of the mortgaged property, which he denied.

Upon motion of plaintiff, after notice to the defendant's attorney of record, the Clerk signed a judgment on the pleadings, in favor of the

plaintiff, dated May 17, 1949, for recovery of the amount above stated. The action had not been transferred to the civil issue docket.

Motion by defendant to set the judgment aside was declined by the Clerk of the Superior Court and on appeal to the Superior Court the judgment was affirmed. Defendant appeals to this Court from the judge's order.

Upon the facts stated the Court is of the opinion that the judgment on the pleadings was within the jurisdiction of the judge and a proper exercise of her authority. The judgment of the Superior Court is, therefore,

Affirmed.