71 S.E.2d 384 (1952)
235 N.C. 643
ERICKSON et al.
v.
STARLING et al.
No. 453.
Supreme Court of North Carolina.
June 11, 1952.
*392 Lassiter, Leager & Walker, Raleigh, for the plaintiffs, appellants.
Smith, Leach & Anderson and Douglass & McMillan, Raleigh, for the defendants, H. C. Starling, Earle Jones, and Ruth I. Page, individually and as trustees, and Ruth I. Page, executrix of the estate of B. F. Page, appellees.
Brassfield & Maupin, Raleigh, for the defendants, W. H. King Drug Co., Peabody Drug Company, Mrs. H. E. Craven, Fred T. Craven, William M. Craven, Henry E. Craven, Jr., Mrs. J. D. Kase, and J. Ben Coppedge, appellees.
Ehringhaus & Ehringhaus, Raleigh, for the defendant, Carolina Surgical Supply Co., appellee.
ERVIN, Justice.
Courts are created to try causes. A trial is the examination before a competent tribunal, according to the law of the land, of the issues between the parties in a cause, whether they be issues of law or of fact, for the purpose of determining such issues. G.S. § 1-170; Cooney v. Cooney, 25 Cal.2d 202, 153 P.2d 334; Finn v. Spagnoli, 67 Cal. 330, 7 P. 746; Tregambo v. Comanche Mill & Mining Co., 57 Cal. 501; Breed v. Hobart, 187 Mo. 140, 86 S.W. 108; State ex rel. Carleton v. District Court of Lewis and Clark County, 33 Mont. 138, 82 P. 789, 8 Ann.Cas. 752; Kromer v. Kear, 86 Ohio App. 309, 90 N.E.2d 422; Cherniak v. Prudential Ins. Co. of America, 339 Pa. 73, 14 A.2d 334.
Issues of law must be tried by the judge; but issues of fact must be tried by a jury, unless trial by jury is waived. G.S. § 1-172; Sparks v. Sparks, 232 N.C. 492, 61 S.E.2d 356. This is true even though the issues of fact are raised by pleadings in actions for the enforcement of equitable rights. Board of Com'rs of Stokes County v. George, 182 N.C. 414, 109 S.E. 77; Boles v. Caudle, 133 N.C. 528, 45 S.E. 835; Ely v. Early, 94 N.C. 1; Worthy v. Shields, 90 N.C. 192; Chasteen v. Martin, 81 N.C. 51.
Where issues of fact are raised by the pleadings in a cause and trial by jury is not waived, the verdict of a jury determining the issues of fact is an indispensable step in the trial of the cause, and the court is without power to enter a final judgment in the absence of such verdict. Miller v. Dunn, 188 N.C. 397, 124 S.E. 746.
A demurrer and a motion for judgment on the pleadings are somewhat related procedural devices. Each denies the legal sufficiency of the pleading of an adversary and raises an issue of law upon the facts stated in such pleading. The scope of a motion for judgment on the pleadings surpasses that of a demurrer, however, in that the former is an application for an immediate judgment in the movant's favor. 71 C.J.S., Pleading, § 425. Whether the tendency of motions for judgment on the pleadings to nullify the statutes permitting amendments to pleadings in cases where demurrers are sustained renders these procedural devices incompatible when they are simultaneously invoked is an interesting question which need not be answered on the present record. Ray v. Hill, 194 Wash. 321, 77 P.2d 1009.
A demurrer admits the truth of all well-pleaded factual allegations in the pleading to which objection is taken, and asserts as a legal proposition that those allegations do not state a cause of action or a defense, and submits that issue of law, and that issue of law alone, to the judge for decision. The admission inherent in a demurrer is not absolute. A demurrer admits the truth of the well-pleaded factual allegations *393 in the pleading of the other side for the purpose, and only for the purpose, of enabling the judge to pass on the sufficiency in law of such pleading. In consequence, the conditional admission made by a demurrer forthwith ends if the demurrer is overruled. Kemp v. Funderburk, 224 N. C. 353, 30 S.E.2d 155; General American Life Insurance Co. v. Stadiem, 223 N.C. 49, 25 S.E.2d 202; Mallard v. Eastern Carolina Regional Housing Authority, 221 N.C. 334, 20 S.E.2d 281; Bowen v. Newborn, 218 N.C. 423, 11 S.E.2d 372; Leonard v. Maxwell, 216 N.C. 89, 3 S.E.2d 316; Vincent v. Powell, 215 N.C. 336, 1 S.E.2d 826; Toler v. French, 213 N.C. 360, 196 S.E. 312; McIntosh: North Carolina Practice and Procedure in Civil Cases, section 445.
The statute authorizing demurrers to answers is couched in these words: "The plaintiff may in all cases demur to an answer containing new matter, where, upon its face, it does not constitute a counterclaim or defense; and he may demur to one or more of such defenses or counterclaims, and reply to the residue. Such demurrer shall be heard and determined as provided for demurrers to the complaint." G.S. § 1-141.
This statute makes it plain that where an answer contains either in form or in substance a denial of essential allegations of the complaint, the whole answer is not demurrable. It specifies, however, that a demurrer is the proper method by which to determine the sufficiency of an affirmative defense set out in an answer. Smith v. Smith, 225 N.C. 189, 34 S.E.2d 148, 160 A. L.R. 460; Leary v. Virginia-Carolina Joint Stock Land Bank, 215 N.C. 501, 2 S.E.2d 570; Commerce Insurance Co. v. McCraw, 215 N.C. 105, 1 S.E.2d 369; Toler v. French, supra; Long v. Oxford, 108 N.C. 280, 13 S.E. 112; Foy v. Haughton, 83 N.C. 467; Lee v. Beaman, 73 N.C. 410; Blackwell v. Willard, 65 N.C. 555, 6 Am.Rep. 749. Indeed, it provides in express terms that where an answer contains several separate affirmative defenses, the plaintiff "may demur to one or more of such defenses * * and reply to the residue." But nothing in the statute authorizes a plaintiff to dissect a single affirmative defense into its several constituent paragraphs or sentences, and to demur separately to such paragraphs or sentences segregated from their respective contexts in the affirmative defense. Schneider v. Journal-Times Co., 247 Wis. 391, 20 N.W.2d 572.
Under the code of civil procedure, a decision upon a written demurrer is appealable by either party. G.S. § 1-130.
A court of record has inherent power to render judgment on the pleadings where the facts shown and admitted by the pleadings entitle a party to such judgment. City of Raleigh v. Fisher, 232 N.C. 629, 61 S.E.2d 897; 71 C.J.S., Pleading, § 424.
A motion for judgment on the pleadings is in the nature of a demurrer. Mitchell v. Strickland, 207 N.C. 141, 176 S. E. 468; Pridgen v. Pridgen, 190 N.C. 102, 129 S.E. 419; Alston v. Hill, 165 N.C. 255, 81 S.E. 291. Its function is to raise this issue of law: Whether the matters set up in the pleading of an opposing party are sufficient in law to constitute a cause of action or a defense. City of Raleigh v. Fisher, supra; Adams v. Cleve, 218 N.C. 302, 10 S.E.2d 911.
When a party moves for judgment on the pleadings, he admits these two things for the purpose of his motion, namely: (1) The truth of all well-pleaded facts in the pleading of his adversary, together with all fair inferences to be drawn from such facts; and (2) the untruth of his own allegations in so far as they are controverted by the pleading of his adversary. City of Raleigh v. Fisher, supra; Ingle v. State Board of Elections, 226 N.C. 454, 38 S.E.2d 566; Adams v. Cleve, supra; Oldham v. Ross, 214 N.C. 696, 200 S.E. 393; Crutchfield v. Foster, 214 N.C. 551, 200 S.E. 395; Churchwell v. Branch Banking & Trust Co., 181 N.C. 21, 105 S.E. 889; Alston v. Hill, supra; Helms v. Holton, 152 N.C. 587, 67 S.E. 1061. These admissions are made only for the purpose of procuring a judgment in the movant's favor. Hale v. Gardiner, 186 Cal. 661, 200 P. 598. Consequently, the movant is not precluded from having the action regularly tried upon any issues raised by the pleadings if his motion for judgment on the pleadings is denied. *394 Minneapolis St. Ry. Co. v. City of Minneapolis, 229 Minn. 502, 40 N.W.2d 353; Vaughan v. Omaha Wimsett System Co., 143 Neb. 470, 9 N.W.2d 792; Southern Surety Co. v. Williams, 83 Okl. 171, 201 P. 244.
A motion for judgment on the pleadings is allowable only where the pleading of the opposite party is so fatally deficient in substance as to present no material issue of fact. North State Finance Co. v. Luck, 231 N.C. 110, 56 S.E.2d 1; Jones v. McBee, 222 N.C. 152, 153, 22 S.E.2d 226; Town of Dunn v. Tew, 219 N.C. 286, 13 S. E.2d 536. A complaint is fatally deficient in substance, and subject to a motion by the defendant for judgment on the pleadings if it fails to state a good cause of action for plaintiff and against defendant. City of Raleigh v. Fisher, supra. An answer is fatally deficient in substance and subject to a motion by the plaintiff for judgment on the pleadings if it admits every material averment in the complaint and fails to set up any defense or new matter sufficient in law to avoid or defeat the plaintiff's claim. Hoover v. Crotts, 232 N.C. 617, 61 S.E.2d 705; Wike v. Board of Trustees of New Bern Graded Schools, 229 N.C. 370, 49 S.E. 2d 740; Carroll v. Brown, 228 N.C. 636, 46 S.E.2d 715; Smith v. Smith, 225 N.C. 189, 34 S.E.2d 148, 160 A.L.R. 460; Oldham v. Ross, supra; Churchwell v. Branch Banking & Trust Co., supra.
On a motion for judgment on the pleadings, the presiding judge should consider the pleadings, and nothing else. Johnson v. Metropolitan Life Insurance Co., 219 N.C. 445, 14 S.E.2d 405. He should not hear extrinsic evidence, or make findings of fact. 71 C.J.S., Pleading, § 508(2). If he concludes on his consideration of the pleadings that a material issue of fact has been joined between the parties, he should deny the motion in its entirety, and have the issue of fact tried and determined in the way appointed by law before undertaking to adjudicate the rights of the parties. The law does not authorize the entry of a judgment on the pleadings in any case where the pleadings raise an issue of fact on any single material proposition. Hoover v. Crotts, supra; Universal C. I. T. Credit Corp. v. Roberts, 230 N.C. 654, 55 S.E.2d 85; Brown v. Moore, 229 N.C. 406, 50 S.E.2d 5; Wike v. Board of Trustees of New Bern Graded Schools, supra; Carroll v. Brown, supra; Metros v. Likas, 227 N.C. 703, 42 S.E.2d 601; Lumber Mutual Casualty Insurance Co. v. Wells, 225 N.C. 547, 35 S.E.2d 631; Lockhart v. Lockhart, 223 N.C. 123, 25 S.E. 2d 465; Adams v. Cleve, supra; Redmond v. Farthing, 217 N.C. 678, 9 S.E.2d 405; LaVecchia v. North Carolina Joint Stock Land Bank, 216 N.C. 28, 3 S.E.2d 276; Oldham v. Ross, supra; Allen v. Allen, 213 N. C. 264, 195 S.E. 801; O'Briant v. Lee, 212 N.C. 793, 195 S.E. 15; Smith v. Turnage-Winslow Co., 212 N.C. 310, 193 S.E. 685; Petty v. Pacific Mutual Life Insurance Co., 210 N.C. 500, 187 S.E. 816; Mitchell v. Strickland, supra; Bessire & Co. v. Ward, 206 N.C. 858, 175 S.E. 208; Hafleigh & Co. v. Crossingham, 206 N.C. 333, 173 SE. 619; Wilmington Savings & Trust Co. v. Wilder, 206 N.C. 124, 172 S.E. 884; Bank of Spruce Pines v. Vance, 205 N.C. 103, 170 S.E. 119; Foster v. Moore, 204 N.C. 9, 167 S.E. 383; Commissioner of Banks v. Johnson, 202 N. C. 387, 162 S.E. 895; Keys v. Tuten, 199 N.C. 368, 154 S.E. 631; Harvey v. Oettinger, 194 N.C. 483, 140 S.E. 86; Barnes v. People's Bank & Trust Co., 194 N.C. 371, 139 S.E. 689; Brinson v. Morris, 192 N.C. 214, 134 S.E. 453; Pridgen v. Pridgen, supra; Sanders v. Mayo, 186 N.C. 108, 118 S.E. 910; North Carolina Public Service Co. v. Southern Power Co., 181 N.C. 356, 107 S.E. 226; Churchwell v. Branch Banking & Trust Co., supra; Willis v. Williams, 174 N.C. 769, 94 S.E. 513; Barbee v. Penny, 174 N.C. 571, 94 S.E. 295; Moore v. Greenville Banking & Trust Co., 173 N.C. 180, 91 S.E. 793; Alston v. Hill, supra; Newsome v. Bank of Ahoskie, 165 N.C. 91, 80 S.E. 1062; Williams v. Hutton & Bourbonnais Co., 164 N.C. 216, 80 S.E. 257; Kinston Cotton Mills v. Rocky Mount Hosiery Co., 154 N.C. 462, 70 S.E. 910; Helms v. Holton, supra; Penny v. Ludwick, 152 N.C. 375, 67 S.E. 919; Lewis v. Foard, 112 N.C. 402, 17 S.E. 9; 71 C.J.S., Pleading, § 429.
As a consequence, it is not proper to enter a partial judgment on the pleadings for a part of a litigant's claim, leaving controverted *395 issues of fact relating to other parts of such claim open for subsequent trial. The law requires a law suit to be tried as a whole and not as fractions. Moreover, it contemplates the entry of a single judgment which will completely and finally determine all the rights of the parties. G.S. § 1-208; City of Raleigh v. Edwards, 234 N.C. 528, 67 S.E.2d 669.
An appeal lies when the court grants a motion for judgment on the pleadings and enters judgment accordingly. Murray v. Southerland, 125 N.C. 175, 34 S.E. 270; 4 C.J.S., Appeal and Error, § 116(8). But the refusal of a motion for judgment on the pleadings is not appealable. The proper practice in such event is for the movant to note an exception to the ruling denying his motion and proceed with the trial. The ruling will then be reviewed on appeal from the final judgment. Rodgers v. Todd, 225 N.C. 689, 36 S.E.2d 230; Ornoff v. City of Durham, 221 N.C. 457, 20 S.E. 2d 380; Cody v. Hovey, 216 N.C. 391, 5 S. E.2d 165; Hafleigh & Co. v. Crossingham, supra; Shelton v. Hodges, 197 N.C. 221, 148 S.E. 25; Gilliam v. Jones, 191 N.C. 621, 132 S.E. 566; Pender v. Taylor, 187 N.C. 250, 121 S.E. 444; Duffy v. Hartsfield, 180 N.C. 151, 104 S.E. 139; Barbee v. Penny, supra; Duffy v. E. H. & J. A. Meadows Co., 131 N.C. 31, 42 S.E. 460; Cameron v. Bennett, 110 N.C. 277, 14 S.E. 779; Walker v. Scott, 106 N.C. 56, 11 S.E. 364.
The task of applying these rules of the adjective law to the instant case must now be performed.
The answers expressly deny material allegations of the complaint, and in that way directly raise issues of fact. Moreover, the complaint and the answers draw opposing inferences from admitted matters, and in that way indirectly raise other issues of fact. Alston v. Hill, supra. Furthermore, the answer of the three defendants pleads additionally extenuating circumstances in the nature of a single affirmative defense, which are well calculated to induce a judge in the exercise of a reasonable discretion to retain them in their posts as trustees despite any of the supposed breaches of trust on their part. Ward v. Dortch, 69 N.C. 277; 65 C.J., Trusts, section 447; American Law Institute's Restatement of the Law of Trusts, section 107(a).
These things being true, the presiding judge should have overruled the demurrers, denied the motions for judgment on the pleadings in their entirety, and ordered the several issues of fact raised by the pleadings tried in the way appointed by law, i. e., by a jury.
He did not pursue this course. As a result, we have an anomaly in lawa judgment declaring the rights of the parties in an action which has not yet been tried.
The record indicates that the presiding judge gave profound thought to the substantive law arising in this cause and entered a judgment in substantial accord with the findings of fact made by him. But these considerations can not obviate the indisputable propositions that his findings of fact are based in large measure upon allegations of the complaint denied by the answers and upon averments of the answers not admitted by the plaintiffs, and that he was wholly without power in law to make them. The judgment can not be sustained in part as a partial judgment on the pleadings for the very simple reason that the lower court had no legal authority to enter such a judgment.
For the reasons given, the judgment is set aside, and the cause is remanded for a new trial to the end that the material issues of fact raised by the pleadings may be submitted to a jury for decision. Sparks v. Sparks, supra; Hershey Corp. v. Atlantic Coast Line R. R. Co., 207 N.C. 122, 176 S.E. 265.
The orders directing the W. H. King Drug Company and the Peabody Drug Company to pay specified fees to their attorneys are likewise vacated. These corporations are at liberty to contract in respect to this matter for themselves.
The unfortunate turn taken by this case in the court below calls to mind a bit of advice received by the writer of this opinion from his father, who was a member of the North Carolina bar for sixty-five years. When the writer embarked on the practice of law, his father gave him this admonition: "Always salt down the facts first; the *396 law will keep." The trial bench and bar would do well to heed this counsel. In the very nature of things, it is impossible for a court to enter a valid judgment declaring the rights of parties to litigation until the facts on which those rights depend have been "salted down" in a manner sanctioned by law.
Error.