## BLY *v.* SMITH, SHERIFF.

*Collateral attack — Judgment for alimony or contempt for noncompliance — Cannot be attacked by habeas corpus — Presumption that judgment supported by sufficient findings, when.*

1. A judgment in an action for alimony, or a judgment finding a party guilty of contempt for failure to comply with the order of the court in such judgment for alimony, cannot be collaterally attacked in a proceeding in *habeas corpus.*
2. A judgment which a court has jurisdiction to render presumes a finding by the court of all things necessary and sufficient to support such judgment, in the absence of a record to the contrary.

(No. 15053 — Decided February 29, 1916.)

ERROR to the Court of Appeals of Cuyahoga county.

October 11, 1911, Emma Bly, the wife of the plaintiff in error, brought suit for alimony in the court of common pleas of Cuyahoga county, and on the 25th of October, 1912, said court heard the cause on the pleadings and the evidence and rendered judgment in favor of the wife, giving her as and for alimony certain personal property mentioned therein, and also ordered the plaintiff in error to pay to his wife the sum of $25 per month, payable in equal semi-monthly installments.

Alimony was paid pursuant to said order until October 7, 1915, when the said William E. Bly refused to make further payments. Thereupon a motion was filed and service had upon said William E. Bly, requiring him to show cause why he should not be punished for contempt in disobeying the order of the court. The court, upon hearing,

granted said motion and adjudged said Bly to be guilty of contempt and ordered him committed to the jail of the county until said order should be complied with or until he should otherwise be legally discharged.

October 7, 1915, plaintiff in error filed his application for writ of *habeas corpus* in the court of appeals of Cuyahoga county, praying that he be discharged from the custody of the sheriff, William J. Smith, on the ground that the order of commitment for contempt of court was unlawful and void, for the reason that the court had no jurisdiction to make the order to pay alimony, upon which said contempt was predicated.

The court of appeals, on hearing duly had, denied the writ. Plaintiff in error is now here asking this court to reverse the judgment of the court of appeals.

*Mr. George A. Groot,* for plaintiff in error.

*Messrs. Laubscher & Kees,* for defendant in error.

WANAMAKER, J. As aptly stated in plaintiff in error's brief, "The only question presented in this case for the consideration of this court is whether or not the decree of the common pleas court in the case of Emma Bly against this plaintiff in error, case No. 126,515, for alimony only had the legal power to render the decree it did in said case, which decree is set forth on page 9 of the printed record. The contention of the plaintiff in error is, that said

court was without legal power or authority under the statute relating to proceedings for alimony alone to render the decree it did in that case."

Part of the decree upon which plaintiff in error relies is as follows:

"It is therefore adjudged and decreed that the said plaintiff have, possess and enjoy as and for alimony, the following personal property, with right to use, sell or dispose thereof, at her pleasure, to-wit: all her wearing apparel, and all the household and kitchen furniture now in the possession of the plaintiff and situated at 3807 West 38th street.

"It is further ordered and adjudged that the defendant pay to the plaintiff as her reasonable alimony in money, the sum of $25.00 per month payable $12.50 on the 5th and 20th of each and every month, first payment to be paid October 20, 1912; said $25.00 per month to be paid to said plaintiff until further order of the court. It is further ordered that the said defendant pay to the counsel of the plaintiff, namely, A. E. Bernsteen, the sum of $50.00 as attorney fees, same to be paid to the said A. E. Bernsteen on or before four months from October 5, 1912."

Plaintiff in error contends that "The court on an examination of the decree in the alimony case No. 126,515 will find that the court did not find that the defendant had any property whatever, except the household property which was given to the wife in said decree."

Plaintiff in error further contends: "On the hearing of this case in the court below [court of appeals] the plaintiff in error offered to show that

at the time said decree was rendered he had no property other than the personal property mentioned in said decree, and that since that time has not had any property and has none now. The court refused to permit the plaintiff in error to show what the real facts were so far as they related to his property at that time and since."

The record discloses that there were no exceptions taken to the finding of the court of common pleas as to alimony nor any appeal made therefrom. The judgment, therefore, as to alimony is unreversed, unmodified and still subsisting.

That courts of common pleas have jurisdiction to hear and determine alimony cases does not admit of doubt. That being true, it will be conclusively presumed that the provisions of the statutes were followed and that the evidence in the cause was sufficient to authorize the judgment, to-wit, that the plaintiff actually did have property and that the allowance made by the court of common pleas as alimony out of the husband's property, real or personal, or both, or any money, payable either in gross or by installments, was "equitable."

Plaintiff in error now seeks to attack that judgment by an action in *habeas corpus*. This is a collateral attack on the judgment, pure and simple, and courts have held again and again that this cannot be done in a *habeas corpus* proceeding, providing the court had jurisdiction of the cause, which is unquestionable in this case.

In *The State, on Complaint of Cook,* v. *Cook,* 66 Ohio St., 566, the syllabus reads:

"In a proceeding in contempt against a party who has refused to comply with a money decree for alimony, it is not essential that the complaint allege that the party is able to pay the money. The decree imports a finding of the court that he is able to pay, and the burden is on him, by allegation and proof to establish his inability."

Now, upon the contempt hearing before the court of common pleas, that burden of showing his inability was upon the plaintiff in error, Bly.

That is, the presumption is in favor of the judgment of alimony, not only because of the fact that it is a judgment, but because no error or appeal was prosecuted therefrom. The presumption follows that the court found Bly to be possessed of property sufficient to make the allowance of alimony made to the wife an equitable one, and in order to relieve himself of his liability, by reason of said judgment, and purge himself of contempt, the burden was upon him to show such a change of circumstances as would warrant the conclusion that he was unable to comply with and execute the order of the court.

Again, it should be observed that neither error nor appeal was prosecuted from the judgment of contempt of the court of common pleas, and therefore the record in that case is not before us. The presumption is in favor of the correctness of that judgment, and without a record impeaching the same, said judgment must stand. It is not subject to collateral attack.

The able opinion by Judge Spear in *The State, on Complaint of Cook,* v. *Cook, supra,* is illuminating

and conclusive on many of the phases involved in this case.

We find no error in the judgment of the court below and it is therefore affirmed.

*Judgment affirmed.*

NICHOLS, C. J., JOHNSON, DONAHUE, NEWMAN, JONES and MATTHIAS, JJ., concur.