**STATE ex JOHNSON v WALLACE et**

Ohio Appeals, 1st Dist., Hamilton Co.

No. 6058. Decided Feb. 16, 1942

Eli J. Frankenstein, Cincinnati, for relator-appellee.

Thomas J. Herbert, Columbus, and Maurice L. Schellenger, for Cylon W. Wallace.

Carl W. Rich, Cincinnati, and C. Watson Hover, Cincinnati, for George Guckenberger.

## OPINION

By MATTHEWS, PJ.

The notice of appeal is from a judgment of the Court of Common Pleas awarding a peremptory writ of mandamus ordering the respondent as registrar of motor vehicles to issue a driver's license to the relator.

We are confronted at the threshold with the question of the jurisdiction of the court to review this judgment.

On July 24th, 1941, the Court of Common Pleas entered this judgment in which it was recited that the cause "came on this day to be heard on the petition of the relator and the answer of the respondent—and the court being fully advised" finds that the relator is entitled to the writ. At no place in the judgment entry is there any suggestion that the conclusion of the court was based on any finding upon any issue of fact. On July 28th, 1941, a motion denominated a motion for a new trial was filed. We are advised that July 27th, 1941 was a Sunday. On August 1st, 1941 an entry was made overruling the motion for a new trial. On August 19th, 1941, notice of appeal was filed.

It will be seen that the notice was filed within twenty days of the overruling of the motion for a new trial and more than twenty days after the entering of the judgment.

By §12223-7 GC, it is provided that in computing the time in which an appeal may be taken, "when a motion for a new trial is duly filed by either party within three days after the verdict or decision then the time of perfecting the appeal shall not begin to run until the entry of the order overruling or sustaining the motion for new trial." This language was construed by the Supreme Court for the first time in **State ex Longman v Welsh, 133 Oh St 244,** in which the court held that a motion for a new trial or rehearing filed after the sustaining of a demurrer to the petition was ineffective to toll the time for filing an appeal. The court held that such a motion was not "duly" filed as a motion for a new trial, because the granting of it would not result in a re-examination of issues of fact. All it would result in would be a re-examination of the sufficiency of the allegations of the petition. This decision was followed in **Cullen v Schmit, 137 Oh St 479.** The law is, therefore, settled and it remains only for us to apply it to this case.

As the judgment recites that the case was heard on the pleadings and no mention of any other predicate for the finding in favor of the relator is made, a new trial would necessarily involve only a reconsideration of the pleadings to determine whether the relator was entitled on the admitted or uncontroverted allegations of his petition to the relief sought. That would raise only a question of law. It would not involve a trial of issues of fact—although if the issue of law should be resolved against the relator, there might be in the later developments of the case a trial of issues of fact.

We are of the opinion that the filing of the motion did not toll the statute, and that as the notice of appeal was filed more than twenty days after the entering of the judgment, it conferred no jurisdiction upon this court to review the judgment.

The appeal is dismissed for want of jurisdiction.

HAMILTON & ROSS, JJ., concur