**SHAFER et, Plaintiffs-Appellees, v. STEIN et, Defendants-Appellants.**

Ohio Appeals, Second District, Greene County.

No. 488.   Decided July 5, 1945.

Marshall & Marshall, Xenia, for plaintiffs-appellees.
Pickrel, Schaeffer & Ebeling, Dayton, for defendants-appellants.

## OPINION

BY THE COURT:

Submitted on motion of appellees to dismiss the appeal

upon three grounds, first, said case is not appealable; second, notice of filing intention to appeal, or copy thereof, was not furnished to these plaintiffs; and third, bond filed herein in Municipal Court is wholly inadequate.

We consider the grounds of the motion in the order in which they are set forth. First, the claim that the case is not appealable.

The appeal is noted as upon questions of law and fact. Obviously, forcible detainer being exclusively a statutory proceeding is an action at law only with none of the aspects of chancery and, therefore, the cause may not be appealed on questions of law and fact. However, we know of no reason to hold that the appeal may not proceed as upon questions of law. **Kelly v Nichols, 10 Oh St 318; Pope v Pollock, 46 Oh St 367; Miller v Raile and Morrison, 34 Abs 606; and Rocca v Rosenstiel, 20 Oh Ap 367.** The first branch of the motion will be overruled but the court on its own motion recognizes that this cause may not be tried upon the facts and must proceed upon questions of law. Ten days will therefore be given to appellants within which to have a bill of exceptions prepared, settled and allowed in the trial court. The time within which the bill will be prepared will begin to run from the filing of the entry journalizing the ruling on this motion but the bill of exceptions, in any event, to be filed not later than July 20, 1945.

The second branch: No notice of filing intention to appeal, or copy thereof, was furnished to appellees.

The appellate code, §12223-4 GC, makes no requirement that the notice, or copy thereof, be given or served upon appellee, it being incumbent upon the appellee to make such observation of the progress of the case as is necessary to determine whether or not an appeal is perfected by the filing of the notice within time. This branch of the motion will be overruled.

Third, the bond filed in the Municipal Court is wholly inadequate.

This branch must be overruled because though it be granted that the bond is inadequate it would not be a basis for the dismissal of the appeal. This branch of the motion will be overruled.

It is suggested in the brief of appellees that if the motion is overruled the cause be set down for trial on the merits. We are willing to accommodate counsel by assigning the cause for hearing on its merits between now and the first of August but this could only be done by agreement. We cannot hear

the case after August 1st before Fall because one or more members of the court will be on vacation.

Inasmuch as it is probable that, if appellants can prepare a bill of exceptions, the cause may not be heard in this court until Fall, we consider the question of the adequacy of the bond.

The only information which we have as to facts which would reflect upon the adequacy of the bond appears in the respective briefs of the parties, no affidavits accompanying the motion.

It appears by statements of counsel of like tenor that $500.00 in cash has been deposited, presumably by the parties, in lieu of an appeal or supersedeas bond but the transcript of docket and journal entries does not disclose that fact.

Accompanying the transcript is a bond designated Supersedeas Bond, signed by Phyllis S. Stein only and no reference is made to the cash deposit.

However, enough of the facts appear to convince us that the bond should be substantially increased. It should be in a sum which would meet any possible costs and damages which might be suffered by the appellees by the delay. The bond will be increased to $1500.00 to be filed, if a supersedeas bond, or to be deposited, if a cash bond, in the trial court and the transcript should bear the certificate of the Clerk of Courts, if a cash bond is deposited, that it has been done.

It is also suggested in the brief for counsel for appellees, although not a part of the motion, that "there should be a bond in addition to the money, conditioned for the protection of plaintiff-appellees that plaintiff-appellees would not be required to file separate action in order to collect damages".

The section, 12223-9 GC, providing for supersedeas bond and its terms authorizes the court to incorporate "such other conditions as the court may provide, * * *." We would not, upon the meager facts before us, undertake to enlarge the terms of the bond beyond those included in the appropriate language of the section.

The supersedeas bond, if given, should be conditioned as in the form attached to the transcript of docket and journal entries disclosing the judgment, mentioning both defendants and that the action was for forcible entry and detainer, set forth the case number or some other definite identification of the cause of action and should be further conditioned—

"Now if said appellants shall abide and perform the order and judgment of the appellate court and pay all money, costs and damages which may be required of or awarded against said defendants or either of them upon the final

determination of said appeal; then this obligation shall be void; otherwise it shall be and remain in full force and virtue in law."

If a cash deposit is made in lieu of a supersedeas bond, it should be deposited on the same conditions as in a supersedeas bond and these conditions may be set up in the entry journalizing the ruling of the court upon this motion.

We are cognizant that conceding the facts set out by counsel for appellees in their brief, the withholding of the premises for which they have fully paid and to which they have a deed is unusual, embarrassing and aggravating and possibly of a nature for which the law affords no remedy. We have no purpose, however, to take away from the appellants their right to the orderly processes of the law. We will accord to the parties all the expedition possible in adjudicating the issues and if, as suggested by counsel for appellees, appellants cannot secure a bill of exceptions, or stipulation of counsel in lieu thereof, within the time herein fixed, we will entertain a motion, if filed, to affirm the judgment.

The entry prepared on this motion may carry the rulings thereon together with such other orders as the court has made on its own motion.

HORNBECK, P. J., GEIGER and MILLER, JJ., concur.