### BILLMAN v. SOSBE et.

Ohio Appeals, Sixth District, Lucas County.

Decided November 29, 1948.

Harry B. Kirtland, Toledo, for appellant.
Rupp & Hahn, Toledo, for appellees.

## OPINION

By CARPENTER, J.

The record in this case presents an interesting procedural question. Although it is not raised by the parties, the court can not escape answering it because it relates to the jurisdiction of this court over this appeal.

This cause had its origin as an action in forcible entry and detainer in the court of a justice of the peace. The judgment was for the plaintiff and the defendant appealed to the court of common pleas on questions of law. A bill of exceptions was allowed by the Justice and filed with the original papers in common pleas. March 23, 1948, the appeal was submitted to

that court on the record, including the bill of exceptions. The judgment of the Justice was reversed and final judgment entered for the defendant.

March 27, 1948, the plaintiff filed a motion for a new trial. April 13, 1948, that motion was overruled and notice of appeal to this court was filed April 21, 1948. This was 29 days after the judgment was entered and 8 days after the order overruling the motion for a new trial.

The question: Did the filing of a motion for a new trial in this, an error proceeding, toll the running of the time in which to file the notice of appeal? If not, the notice, having been filed more than 20 days after the judgment, was too late, and the appeal must be dismissed. **Sec. 12223-7 GC.**

The answer to this question, raises another: What is a new trial?

It is defined in §11575 GC. Before the amendment of that section in 1945, 121 O. L. 366, there could be no doubt about the meaning of the term "New Trial." It was defined:

"A new trial is a re-examination, in the same court, of an issue of fact, after a verdict by a jury," etc.

Expressly, that was a re-examination of an issue of fact. That could only be in the trial court, it could not be in a reviewing court.

The amended section, which applies here, says:

"A new trial is a re-examination, in the same court, of the issues, after a final order, judgment or decree by the court."

This language, standing alone, might be applied to a judgment in an error proceeding. However, §11576 GC, stating for what causes a new trial may be granted, clears the meaning of §11575 GC. It was amended in the 1945 Act. It provides:

"A final order, judgment or decree, shall be vacated, and a new trial granted by the trial court on the application of a party aggrieved, for any of the following causes * * *."

This contemplates a new trial in "the trial court" and excludes it as possible procedure in an appellate court. In this respect it was the same before the amendment. From the very nature of an error proceeding, there is no trial in it. The rights of the parties are determined by the appellate court solely on the record made in the trial court. No new facts or evidence can enter into the consideration of that court. At most, there can only be a hearing or discussion of the legal questions presented by that record. It is the same as the disposition of a cause on a demurrer to a pleading, as happened in **State ex rel. Longman v. Welsh, 133 Oh St 244,** 13 N. E. 2d 119. There a similar motion to the one at bar was filed, and a like appeal attempted.

As the court of common pleas could not entertain a motion

for a new trial directed to its judgment, the filing of such motion was a nullity, and could not toll the time for the filing of a notice of appeal. As this notice was filed more than 20 days after the judgment, March 23rd, it was too late to give this court jurisdiction and the court, sua sponte, must dismiss the appeal.

Appeal dismissed.

CONN, PJ, FESS, J, concur.