KROMER, Plaintiff-Appellee, v. KEAR, Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 4318. Decided August 8, 1949.

E. Searles Morton, Columbus, for plaintiff-appellee.
Henry A. Reinhard, Columbus, for defendant-appellant.

## OPINION

By THE COURT.

Submitted upon motion by the plaintiff-appellee for an order dismissing the appeal on the following grounds:

(1) The appeal is noted as one upon law and fact and the same is not a chancery case.

(2) That no notice of appeal was filed within twenty days after the judgment of the Court of Common Pleas of Franklin County, Ohio.

The record discloses that the action is one in forcible entry and detainer, which is not a chancery case and is therefore not appealable on law and fact. See **Shafer, et al. v. Stein, et al., 78 Oh Ap 47.**

Now considering the second branch of the motion, the appellant would be permitted under §11564 GC to perfect his appeal on questions of law providing the notice of appeal was

filed within the statutory period. The appellee contends that it was not and therefore this court has no jurisdiction to hear the appeal. The record discloses that the action arose in the Municipal Court of Columbus, Ohio, and upon appeal on questions of law to the Court of Common Pleas the judgment was affirmed on April 30, 1949. On May 5, 1949, a motion for a new trial was filed which was overruled on June 6, 1949. The notice of appeal was filed on June 14, 1949. The question here presented is when the statutory twenty day period begins to run. We are aware of no provision in the Code for the filing of a motion for a new trial in an appellate court in a case where the appeal is on law only. Sec. 11575 GC defines a new trial as follows:

"A new trial is a re-examination, in the same court, of the issues, after a final order, judgment or decree by the court."

A trial is a formal examination of the matter in issue on a cause before a competent tribunal for the purpose of determining such issue, which may be one on law or fact or both. The trial was therefore had in the Municipal Court and §11575 GC requires that the new trial, if granted, must be in the same court. We are therefore of the opinion that the provisions of §12223-7 GC with reference to the filing of notice of appeal within twenty days after the entry of an order overruling or sustaining a motion for a new trial means a motion for a new trial in the trial court. It does not refer to a motion for a new trial in an appellate court, where the appeal is on questions of law only. Since the notice of appeal was not seasonably filed, the motion to dismiss will be sustained.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.

## ON APPLICATION FOR REHEARING

No. 4318. Decided August 18, 1949.

By THE COURT.
Application for a rehearing is denied.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.