OHIO MOTORS, INC., Plaintiff-Appellee, v. CHARLESWORTH, Extrx. et, Defendants-Appellants.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21783.   Decided August 14, 1950.

Frank X. Schaut, Bravo & Bernstein, Cleveland, for plaintiff-appellee.

William H. Luther, Lester Yoder, Albert D. Nesbitt, Cleveland, for defendant-appellants.

(FESS, J, of Sixth District; DOYLE, J, HUNSICKER, J, of Ninth District sitting by designation.)

## OPINION

By FESS, J.:

This is an appeal from an order of the common pleas court dismissing appellants' appeal on questions of law and fact from a judgment entered by the Probate Court on the ground that the common pleas court did not have jurisdiction of the appeal because a record was taken of the proceedings in the Probate Court.

The motion to dismiss the appeal was heard upon evidence and the order dismissing the appeal was journalized on November 29, 1949.   On December 6, 1949, defendants-appellants filed a motion for new trial which was overruled January 6, 1950.   Notice of appeal to this court was filed January

16, 1950. Plaintiff-appellee moved to dismiss the appeal herein on the ground that the notice of appeal was filed more than twenty days after the entry dismissing the appeal below and that appellants' motion for new trial was ineffective to extend the time for appeal.

The motion for a new trial was filed within ten days after the entry of a final order. Secs. 12223-7, 11575 GC, as amended October 11, 1945, define a new trial as a re-examination, in the same court, of the issues, after a final order, judgment or decree by the court. Prior to its amendment, a new trial was confined to a re-examination of an issue of fact but the section as amended contemplated a re-examination of issues of law as well as of fact. In support of the motion to dismiss, appellee cites **Kromer v. Kear, 55 Abs 385,** and **McKee v. Clark, 55 Abs 496,** which hold that there is no provision in the code for the filing of a motion for new trial in an appellate court after a determination of an appeal on law only.

In the instant case the motion to dismiss below was determined upon issues of fact and law, and the motion for a new trial was duly filed and thereafter overruled by the court. Having been filed, the time for appeal from the final order did not begin to run until the entry of the order overruling the motion for new trial. The motion to dismiss the appeal herein is therefore overruled.

Upon the merits of the appeal, the common pleas court upon the evidence found that a record of the hearing in the Probate Court was taken by direction of the court and that a transcript thereof was available upon request. This finding was amply supported by the evidence.

Sec. 10501-56 GC, provides for an appeal from the Probate Court to the Court of Appeals, but

"If, for any reason, a record has not been taken at the hearing of any matter before the probate court so that a bill of exceptions or a complete record may be prepared as provided by law in courts of common pleas, then an appeal on questions of law and fact may be taken to the court of common pleas," etc.

The evidence tending to show that a stenographic report was not taken of the argument of counsel and rulings on motions could not make the record incomplete. If counsel desires to have matters other than testimony taken down, it is his duty to demand it.

Upon the evidence adduced upon the hearing of the motion to dismiss, the common pleas court did not have jurisdiction

of the appeal, and its order dismissing same is affirmed.
Exc. O. S. J.

HUNSICKER, PJ, and DOYLE, J, concur.