ROSCOE, APPELLANT, *v.* KOLB, EXR., ET AL., APPELLEES.

(No. 4611—Decided February 11, 1952.)

*Mr. Frank J. McManus,* for appellant.
*Messrs. Rupp & Hahn,* for appellees.

SAVORD, J.   This is an appeal on questions of law from a judgment of the Common Pleas Court.   The parties stand in the same position as in the trial court and for convenience shall be here so designated.   Defendant Matt Kolb, executor, by motion seeks an order dismissing this appeal on the ground that the notice of appeal was not filed within the time required by law.   It follows that this is the first question demanding consideration.

Review of the original pleadings and the transcript

of entries discloses that on September 3, 1949, the plaintiff filed her petition, seeking to set aside the will of her mother, Edna Lucille Sayen, who had died on August 12, 1949, which will, dated August 30, 1947, had been admitted to probate on September 2, 1949.

On August 8, 1951, defendant Matt Kolb, who prior thereto had been appointed executor, moved the court for an order dismissing the action of plaintiff ''for the reason that it was not commenced as to all necessary parties within the time required by law for the commencement of such actions.'' The plaintiff, on August 23, 1951, by unverified motion, asked for leave to make Matthew Roscoe, a minor, a party defendant, representing that Roscoe was the son of plaintiff and a contingent devisee and legatee under the will of Edna Lucille Sayen.

As of September 10, 1951, the trial court sustained the motion of defendant executor and ordered the petition of the plaintiff dismissed with prejudice ''for the reason that the necessary parties defendant to such action were not joined within the time required by law for the commencement of such action.''

By written motion filed on September 13, 1951, the plaintiff moved the court for an order vacating and setting aside the order of September 10, 1951, upon the grounds that the court erred in granting the motion to dismiss and should have overruled such motion. By separate entries of October 15, 1951, the court overruled plaintiff's motion for leave to make Matthew Roscoe a defendant and the motion to vacate and set aside the former order dismissing the petition. Thereafter, on October 23, 1951, plaintiff filed her notice of appeal on questions of law from the order of October 15, 1951.

From the foregoing it becomes immediately appar-

ent that while the notice of appeal was filed within 20 days of the date upon which the court overruled the motion of plaintiff seeking to vacate the former order of the court dismissing plaintiff's petition, it was filed 43 days subsequent to the date of the order sustaining the motion whereby defendant sought the dismissal of such petition.

It is to this latter order that defendant contends the notice of appeal should have been directed. This contention finds its foundation in the claim of defendant that the order dismissing plaintiff's motion to vacate the order dismissing the petition was not an appealable final order, and that the mere filing of a motion to vacate and set aside an order which in effect determines solely a question of law, no issue of fact being involved, is insufficient to avoid the mandatory provision of Section 12223-7, General Code, fixing the time within which an appeal must be perfected as within 20 days from the date upon which the journal entry of the final order, judgment or decree has been approved and filed.

If in consideration and determination of the question thus presented, application of the provisions of Section 11575, General Code, prior to its amendment effective October 11, 1945, were to be had, this court could find itself in ready agreement with the position asserted by defendant. We can not, however, ignore the radical change accomplished by such amendment. The significant effect of the amendment is illustrated by a mere reading of the section first in its original form and then as amended.

Prior to the amendment, Section 11575, General Code, provided:

"A new trial is a re-examination, in the same court, *of an issue of fact*, after a verdict by a jury, a report of a referee or master, or a decision by the court."

As amended, the section provides:

"A new trial is a re-examination, in the same court, *of the issues,* after a final order, judgment or decree by the court."

The emphasis in each instance is ours.

It is to be noted also that prior to its amendment effective October 11, 1945, Section 12223-7, General Code, read in part:

"Provided, that, when a motion for a new trial is *duly* filed by either party within three days after the verdict or decision then the time of perfecting the appeal shall not begin to run until the entry of the order overruling or sustaining the motion for new trial." (Emphasis added.)

The comparable portion of the same section, as amended, provides:

"Provided, that, when a motion for a new trial is filed by either party within ten days after a journal entry of a final order, judgment or decree has been approved by the court in writing and filed with the clerk for journalization, then the time of perfecting the appeal shall not begin to run until the entry of the order overruling or sustaining the motion for new trial."

It is to be observed that in its amended form this section omits the use of the word, "duly," as that word appeared in the section prior to the amendment. Prior to the amendment, in an instance when there had been no trial as to an issue of fact, and the controversy had been resolved solely on a question of law, a motion for new trial was considered as not having been duly filed.

Section 11575, General Code, in its amended form, compels a different conclusion. According to the revised definition of "new trial" as embodied in such amended section, the only construction of which it permits, it follows that the law is correctly stated in the first paragraph of the syllabus in *Ohio Motors, Inc.,* v. *Charlesworth, Exrx.,* 88 Ohio App., 299, 97 N. E. (2d), 686:

"Prior to the amendment of Section 11575, General Code, on October 11, 1945, a new trial was confined to a re-examination of an issue of fact, but the section as amended contemplates a re-examination of issues of law as well as of fact."

The concept thus established by legislative enactment is not without merit. To allow the trial court to re-examine a judgment based solely upon a question of law is equally as logical as affording it an opportunity to re-examine in an instance wherein the issue is solely one of fact. Further study and reflection disclosing error, the means of curing same is made available. Such opportunity with respect to an issue of law is surely of equal importance as in respect to an issue of fact.

The filing of a motion for new trial in the instant case was therefore proper. Though the motion filed by plaintiff was captioned, "Motion to vacate and set aside entry dismissing petition of plaintiff," if we are to look to substance rather than form, we are compelled to ascribe to it the character of a motion for new trial. In it the movant "moves the court for an order vacating and setting aside the order heretofore made." The opening words of Section 11576, General Code, reading "A final order, judgment or decree, shall be vacated, and a new trial granted by the trial court" suggest that preliminary to the granting of a new trial, the vacation of the prior final order, judgment or decree is to be had.

The case at bar is easily distinguishable from *Kromer* v. *Kear,* 86 Ohio App., 309, 90 N. E. (2d), 422; *McKee* v. *Clark,* 55 Ohio Law Abs., 496, 90 N. E. (2d), 584; and *Billman* v. *Sosbe* (unreported), a decision by the Court of Appeals of the Sixth Appellate District. In each of these cases, the claim was advanced that the time requirement with respect to the filing of a notice of appeal was satisfied

when such time was computed from the date of overruling of a motion for new trial. The motions, however, were filed in the Common Pleas Court, which under the situation existing in each of the cases was actually sitting in the role of an appellate or reviewing court. The *Kromer case* arose in the Municipal Court of Columbus; the *McKee* and *Billman cases* each arose in the court of a justice of the peace. There being no provision of law permitting the filing of such motion in a reviewing court, and such court being without power to consider the same, the filing was a mere nullity, could not suspend the running of the time in which notice of appeal was required to be filed, and the appeals in those three cases were properly dismissed.

In the instant case, the filing of plaintiff's motion to vacate had the effect of extending the time to appeal for a period of 20 days after the overruling of such motion. The motion having been overruled on October 15, 1951, and the notice of appeal having been filed on October 23, 1951, it is clear that the notice of appeal was filed within the statutory time, and that the motion of the defendant to dismiss this appeal must be overruled.

It is fundamental that in considering a cause on its merits, a reviewing court is confined to and bound by the record before it. In the instant case, the rule operates to create a situation rendering it impossible for the court to determine the correctness or incorrectness of plaintiff's assignment of claimed errors. Save for the allegations of an unverified motion, the representations made in the several briefs and the statements of counsel, none of which can be accepted in lieu of evidence, there is no evidence in the record before us tending to show the exact relationship of Matthew Roscoe to any of or all the parties to this cause or to the will of Edna Lucille Sayen, or whether Matthew Roscoe is or was united in interest with any of the

parties, to enable us to finally determine whether Matthew Roscoe was a necessary party to this cause by reason of the requirements of Section 12080, General Code.

The insufficiency of the record placing this court in such unfortunate situation, the court is required to accord recognition to the principle that: ''A judgment which a court has jurisdiction to render presumes a finding by the court of all things necessary and sufficient to support such judgment, in the absence of a record to the contrary.'' See *Bly* v. *Smith, Sheriff*, 94 Ohio St., 110, 113 N. E., 659.

Upon the record before this court, only one finding is possible. The judgment of the trial court must be and is affirmed.

*Judgment affirmed.*

FESS and CONN, JJ., concur.