IN RE APPEAL FROM BOARD OF LIQUOR CONTROL.

(No. 5587—Decided March 13, 1957.)

*Mr. Raymond W. Kilbourne,* for appellants.

*Mr. William Saxbe,* attorney general, and *Mr. S. Noel Melvin,* for appellee Board of Liquor Control.

Fess, J. This is an appeal on a question of law from a judgment of the Common Pleas Court striking from the files of such court a motion filed by appellant for a new trial.

On August 8, 1955, the Common Pleas Court, having previously overruled an application of appellants to consider additional evidence, upon consideration of the transcript of the proceedings of the agency, found that the procedural requirements in adopting, amending and repealing the regulations have been complied with, and that the regulation as so adopted is reasonable and lawful.

On August 9, 1956, appellant filed a motion for a new trial on the grounds that (1) the final judgment is contrary to law, and (2) error of law occurred at the trial.

On August 30, 1956, the appellee moved to strike the motion for a new trial from the files on the ground that there is no provision in law for the filing of such a motion in the Common Pleas Court wherein such court has exercised appellate jurisdiction under Section 119.11, Revised Code.

On October 4, 1956, the motion for a new trial was stricken from the files, and on the same day appellants filed their notice of appeal on questions of law from the judgments entered August 8 and October 4, 1956.

On January 25, 1957, this Court of Appeals overruled a motion of appellees to dismiss the appeal taken from the judgment entered October 4th and reserved judgment upon that portion of such motion seeking dismissal of the appeal taken from the judgment entered August 8, 1956. The sole question presented upon this appeal is whether the trial court erred in striking the motion for a new trial from the files, in other words, whether a party aggrieved by an order of the Common Pleas Court upon appeal from the adoption of a regulation of an administrative agency pursuant to the provision of Section

119.11, Revised Code, is permitted to file and have determined by that court a motion for a new trial.

A trial is a judicial examination of the issues, whether of law or of fact, in an action or proceeding. Section 2311.01, Revised Code. Issues are of two kinds, issues of law and issues of fact. Section 2311.02, Revised Code. Issues of law must be tried by the court. Section 2311.04, Revised Code.

Since the 1945 amendment of the definition of a new trial, a motion for a new trial involves re-examination of issues of law as well as issues of fact. *Duemer* v. *Duemer,* 86 Ohio App., 192, 88 N. E. (2d), 603; *Ohio Motors, Inc.,* v. *Charlesworth,* 88 Ohio App., 299, 97 N. E. (2d), 686; *Roscoe* v. *Kolb, Exr.,* 93 Ohio App., 352, 113 N. E. (2d), 746. Since the 1945 amendment this court has held that the provisions of Section 2505.07, Revised Code (Section 12223-7, General Code), with respect to the tolling of the time for appeal by the filing of a motion for a new trial do not refer to a motion for a new trial in an appellate court, where the appeal is on questions of law only (*Kromer* v. *Kear,* 86 Ohio App., 309, 90 N. E. [2d], 422), and that no additional grace period may be gained by an attempt to file such a motion. *McKee* v. *Clark,* 55 Ohio Law Abs., 496, 90 N. E. (2d), 584. Those cases related to motions for new trial filed in the Common Pleas Court upon appeals on questions of law from the Municipal Court. See, also, *Billman* v. *Sosbe,* 67 Ohio Law Abs., 90, 114 N. E. (2d), 528, holding that the Court of Common Pleas could not entertain a motion for a new trial directed to its judgment reversing a judgment of the justice of the peace in forcible entry and detainer, and the filing of such motion did not toll the time for appeal. It may be noted that Section 12223-7, General Code, as originally enacted tolled the time of appeal "when a motion for a new trial is *duly* filed." *Cullen* v. *Schmit,* 137 Ohio St., 479, 30 N. E. (2d), 994; *State, ex rel. Johnson,* v. *Wallace, Registrar,* 70 Ohio App., 329, 42 N. E. (2d), 202.

In the instant case the appeal was taken to the Common Pleas Court pursuant to the provisions of Section 119.11, Revised Code (Section 154-72, General Code), on the grounds that the board failed to comply with the law incident to the adoption of the regulation, failed to make reasonable effort to inform certain permittees of the effect of the regulation, and in general

that the regulation lacks uniform operation, is unreasonable, discriminatory and against public policy. Upon perfection of the appeal, Section 119.11, Revised Code, requires a hearing and a decision based upon the arguments, briefs, and the transcript of the record of the proceedings of the agency. No provision is made for the taking of additional testimony such as is provided in Section 119.12, Revised Code. If the court decides that the procedural requirements have been complied with and that the rule is reasonable and lawful it shall affirm the order—otherwise it shall declare the order invalid.

Under Section 119.12, Revised Code, the hearing upon appeal from an agency shall proceed as in the trial of a civil action, and the court shall determine the rights of the parties in accordance with the laws applicable to such action. The court may affirm the order of the agency if it finds, upon consideration of the record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate or modify such order or make such other ruling as is supported by evidence and in accordance with law. No similar provisions are found in Section 119.11, Revised Code. Although Section 119.11, Revised Code, contemplates an appeal to the Court of Appeals no specific provision is made therein as is found in Section 119.12, Revised Code.

It seems apparent that the appeal provided in Section 119.11, Revised Code, is an error proceeding unlike the so-called "hybrid" review provided in Section 119.12, Revised Code, wherein the court appraises all the evidence as to the credibility of witnesses, the probative character and the weight to be given the evidence. *Andrews, Jr.,* v. *Board of Liquor Control,* 164 Ohio St., 275, 131 N. E. (2d), 390.

In reaching a decision upon this appeal we are required to construe that clause of Section 2505.07, Revised Code, providing that when a motion for a new trial is filed by either party the time for perfecting the appeal shall not begin to run, and an appeal shall not be taken until the entry of the order overruling or sustaining the motion has been filed. Since the motion for a new trial now involves a re-examination of issues of

law and was actually filed in the instant case and in the light of the settled liberal interpretation of the Appellate Procedure Act to accord a party a right to review, we conclude that the motion had at least the effect of tolling the time for appeal and was improperly stricken from the files.

The judgment is reversed and the cause is remanded to the Common Pleas Court with direction to determine the motion for a new trial.

*Judgment reversed.*

HORNBECK and DEEDS, JJ., concur.

FESS and DEEDS, JJ., of the Sixth Appellate District, and HORNBECK, J., of the Second Appellate District, sitting by designation in the Tenth Appellate District.